UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY COHEN, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>CBR SYSTEMS, INC., et al.,<br><br>    Defendants. | Case No. 21-cv-06527-HSG<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR ORDER TO CONSOLIDATE ARBITRATIONS**<br><br>Re: Dkt. No. 80 |

Pending before the Court is Plaintiffs' motion for an order to consolidate arbitrations. Dkt. No. 80. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** Plaintiff's motion. Dkt. No. 80.

## I.  BACKGROUND

This case involves a dispute over the annual fees for cord blood storage charged by Defendants GI Partners and CBR Systems Inc. Dkt. No. 80 at 3. Plaintiffs allege that "Defendants uniformly and deceptively misled consumers into contracting for cord blood storage services by offering a fixed fee for storage years 2-18 when, in actuality, Defendants surreptitiously increased the annual fee several times." *Id*. Based on their service contracts, Plaintiffs Koneru and Cohen understood their annual storage fee (for years 2-18) to be fixed at $125, and Plaintiff Vaccarella understood hers to be fixed at $130. *Id*. at 4. Arguing that their annual fees were not fixed as advertised, Plaintiffs brought numerous causes of action against Defendants alleging breach of contract and deceptive marketing and billing practices. *See* Dkt. No. 38 ¶¶ 155–374.

Defendants previously moved to compel arbitration of each Plaintiffs' claims based on a

1  mandatory arbitration provision in the service contracts.  Dkt. Nos. 46, 51.  The Court found a
2  valid arbitration agreement, and accordingly granted Defendants' motions to compel arbitration,
3  staying this case.  Dkt. No. 72.  In its ruling, the Court stated that "Plaintiffs' individual claims are
4  being referred to individual arbitration because the contract is silent on the issue of class-wide
5  arbitration."  *Id*. at 11.

6       Since being referred to arbitration more than a year ago, the parties' progress has been
7  halting.  Plaintiffs "shared their intentions to arbitrate with AAA by January 3, 2023," but
8  Defendants "failed to share their objection to using AAA as the arbitration forum until March 23,
9  2023."  Dkt. No. 85 at 5; *see also* Dkt. No. 84-2 at 7.  Around that time, Defendants identified
10 JAMS as the only potential arbitration forum to which it would agree, Dkt. No. 84-2 at 7, but
11 conditioned their agreement to arbitration with JAMS on Plaintiffs' "further acknowledgement
12 that JAMS cannot consolidate the arbitrations pursuant to rule 6(e) or otherwise."  Dkt. No. 84-2
13 at 2.  Since Plaintiffs declined to make such an acknowledgment (and instead filed this motion),
14 arbitration through JAMS (or any other provider) still has not begun.

## II. DISCUSSION

16      Plaintiffs now seek an order consolidating their claims into a single arbitration.  Dkt No.
17 80.  They argue that consolidation is appropriate because: (1) California law, which is explicitly
18 incorporated into their agreement, allows for consolidation of the Plaintiffs' claims into a single
19 arbitration in these circumstances; and (2) consolidation will promote judicial economy and avoid
20 inconsistent results.  *Id*.  Defendants, meanwhile, argue that Plaintiffs' motion impliedly (and
21 impermissibly) functions as a motion for reconsideration, and should not be entertained.  Dkt. No.
22 84.  Because the Court has not taken any position on the *consolidation* of individual claims (as
23 opposed to the referral of class claims), the Court disagrees with Defendants' characterization of
24 Plaintiffs' motion.  Nevertheless, the Court declines to grant Plaintiffs' requested relief because
25 consolidation is a procedural question for the arbitrator.

26      The Court finds *Meadows v. Dickey's Barbecue Restaurants Inc.* instructive.  No. 15-CV-
27 02139-JST, 2016 WL 7386138 (N.D. Cal. Dec. 21, 2016).  There, a group of franchisees brought
28 claims against Defendant Dickey's Barbecue Restaurants, Inc., which the court referred to

arbitration on defendant's motion. The plaintiffs filed a group arbitration demand with AAA, but AAA informed plaintiffs that they needed to file individual arbitration demands unless all parties consented or a court order dictated otherwise. The franchisees put their AAA matter in abeyance to seek a consolidation order. But the court declined to grant one, explaining that courts "presumptively decide gateway questions of arbitrability" but leave to the arbitrator those "'procedural' questions which grow out of the dispute and bear on its final disposition . . . ." *Id*. at *2 (quoting *John Wiley & Sons, Inc. v. Livingston*, 84 S. Ct. 909, 918 (1964), and citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84–85 (2002)). The court reasoned that, like the availability of class arbitration, "consolidation is also a procedural issue for the arbitrator to decide." *Id.* (citing *Certain Underwriters at Lloyds v. Cravens Dargan & Co.*, 197 Fed. Appx. 645 at *2 (9th Cir. 2006)). Notably, the *Meadows* court concluded that "Plaintiffs' invocation of California Code of Civil Procedure section 1281.3 does not compel a different result." *Id*. at *3 (explaining that after *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, 452–53 (2003), "California courts have similarly held that consolidation is a procedural issue for the arbitrator to decide—even where the party seeking consolidation relies on California Code of Civil Procedure section 1281.3.").

The Court finds that the same conclusion is warranted here. While Section 1281.3 et seq was explicitly incorporated into the agreements at issue, and not just raised in the briefing as in *Meadows*, the Court finds that this is a distinction without a difference. The agreement's explicit reference to the state law provisions governing consolidation of arbitration matters does not make the question of consolidation any less procedural. Fundamentally, Plaintiffs have one vision for how the individual claims should administratively proceed, and Defendants another. Even though the Court understands that consolidation could achieve (in theory) administrative benefits like time savings and consistency, and recognizes that its prior orders did not foreclose the possibility of consolidation, it finds that this is a pure procedural question for the arbitrator to decide if and when it is properly raised in the arbitration.

//

//

**III. CONCLUSION**

Plaintiffs' motion for order to consolidate arbitrations is **DENIED**.

**IT IS SO ORDERED.**

Dated: 12/12/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge